IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

AMANDA DENISE WILSON                                                PLAINTIFF

V.                                                         CIVIL ACTION NO. 1:23-CV-75-DAS

COMMISSIONER OF SOCIAL SECURITY                             DEFENDANT

## MEMORANDUM OPINION AND JUDGMENT

This cause is before the court on the plaintiff's complaint for judicial review of an unfavorable final decision of the Commissioner of the Social Security Administration regarding her application for a period of disability and disability insurance benefits. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Fifth Circuit. Docket 13. The court, having reviewed the administrative record, the briefs of the parties, and the applicable law and having heard oral argument, finds the decision of the Commissioner of Social Security should be remanded.

## FACTS

The plaintiff, Amanda Denise Wilson, filed her application for benefits on March 25, 2021, alleging onset of disability commencing in February 3, 2021. The Social Security Administration denied the claim initially and on reconsideration. Following a hearing, the ALJ issued an unfavorable decision on November 25, 2022. The Appeals Council denied the request for review, and this timely appeal followed.

The ALJ determined the plaintiff had the following severe impairments: obesity, abnormality of major joints in the right knee and hips, disorder of the spine, and asthma. The ALJ found she retained the residual functional capacity (RFC) to perform sedentary work, with

the following additional limitations: occasionally climb stairs and ramps, but never climb ladders, ropes, or scaffolds; occasionally balance and stoop, but never kneel, crouch, or crawl; avoid concentrated exposure to extreme heat, cold, humanity, and wetness; avoid even moderate exposure to dust, odors, fumes, chemicals, and other pulmonary irritants, as well as to unprotected heights and moving machinery; the option to alternate between sitting and standing at will; and the option to stand and stretch for two minutes every thirty minutes.

While the plaintiff is unable to perform any of her past relevant work, the ALJ found, based on the testimony of the Vocational Expert (VE), that there were jobs in the national economy that would fit within her RFC. For example, the ALJ found she can work as a table worker, final assembler, and semiconductor bonder.

## ANALYSIS

The plaintiff raises two issues on appeal.[1] First, she claims the ALJ failed to properly consider her complaints of pain after a failed surgery in 2021. The plaintiff cites multiple treatment records from the Oktibbeha County Hospital Center for Pain Management between July 2019 and March 2022 documenting consistent complaints of significant pain as well as physical examination findings evidencing pain. She argues the ALJ failed to properly consider many of these records demonstrating her extensive history of pain and related treatment.

Turning to the decision, of the approximately fifteen visits to the pain management center, the ALJ only mentions the three visits in which the plaintiff reported improvement in her pain or no significant worsening:

> The claimant also continued pain management throughout 2021. While she initially reported no significant improvement in her lower back and right knee pain in July of 2021, she reported improvement in her pain and reported similar intensity in December of

---

[1] At the hearing in this case, the plaintiff conceded that the second issue raised in her brief did not constitute reversible error.

      2021. Her physical examinations remained unchanged, indicating no significant worsening of her symptoms.

The record contains eleven other visits during which the plaintiff indicated significant or worsening pain; however, most of these visits predate the alleged onset date of February 3, 2021. Nevertheless, the plaintiff argues the ALJ's selective evaluation of these records extensively documenting her pain and related treatment is inadequate.

      The question of whether medical evidence predating the alleged onset date is relevant to the question of disability is "a matter of fact and logic." *Blake v. Kijakazi*, 2023 WL 3167420, at *2 (N.D. Miss. Apr. 28, 2023) (citing *Davidson v. Colvin*, 164 F. Supp. 3d 926, 941–42 (N.D. Tex. 2015)). In *Davidson v. Colvin*, the court held "medical opinions may not be ignored just because they predate the disability onset date." *Davidson*, 164 F. Supp. 3d at 941–42 (agreeing with the conclusions from other circuit courts—the 1st, 6th, 7th, 8th, and 10th—that "an ALJ may not simply ignore medical opinions because they pre-date the onset of disability or post-date the last insured date, since that evidence can be relevant to a claim of disability.").

      While most of the Oktibbeha County Hospital Center for Pain Management records predate the plaintiff's alleged onset date, they are proximate in time and occurred in close succession indicating a continuation of care well into the relevant period. These records consistently document the plaintiff's complaints of pain and further offer objective examination findings bolstering the plaintiff's subjective complaints. In an effort to excuse this omission, the Commissioner points to later records prescribing "conservative treatment." However, these same subsequent records document consistent complaints of pain, decreased range of motion, mild to severe antalgic gait, and positive straight leg tests, lending credibility to subjective complaints of pain thoroughly documented in the Oktibbeha County Hospital Center for Pain Management records.

The ALJ's ultimate conclusion that "the evidence provided does not fully support the claimant's allegations of debilitating symptoms" is undermined by his failure to acknowledge in his decision the significant number of treatment records documenting the plaintiff's complaints of pain. This is not a situation where the ALJ discredited the plaintiff's complaints of pain, but rather one in which the bulk of the records documenting the plaintiff's pain were simply not considered. It is not the court's job to reweigh the evidence or substitute its opinion for that of the Commissioner. However, the portions of the pain management records the ALJ relied on are not reflective of those records as a whole. The court finds that this failure to consider the treatment records from Oktibbeha County Hospital Center for Pain Management which predated the alleged onset date was prejudicial error. Considering the corroborating evidence in the record and the significantly limiting RFC, it is conceivable that consideration of these records could have resulted in a different determination.

Next, the plaintiff argues the ALJ's evaluation of Dr. Noella Misquita's consultative examination is replete with inconsistencies warranting remand for clarification or another consultative examination. The court appreciates the logical inconsistencies within Dr. Misquita's consultative examination report and between Dr. Misquita's functional assessment and the ALJ's RFC finding. Nevertheless, this issue alone does not warrant remand. Because the court is remanding on the first issue, the ALJ is directed to clarify whether Dr. Misquita's functional assessment is in fact supported by her personal examination of the plaintiff.

Accordingly, the Commissioner's decision is reversed and remanded for a rehearing of the plaintiff's application under the fourth sentence of § 405(g).

**SO ORDERED**, this the 20th day of June, 2024.

                                        **/s/ David A. Sanders**
                                        **U.S. MAGISTRATE JUDGE**